E-FILED
Thursday, 01 November, 2018 03:48:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIE FRANK BRAGG, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4185 |
| | ) | |
| ROCK ISLAND POLICE DEPARTMENT, *et al.* | ) ) ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at the Rock Island County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff alleges that members of the Rock Island Police Department unlawfully searched him, failed to explain his Miranda rights, and refused to disclose the reasons for their actions. Plaintiff alleges he was then falsely arrested and has been detained ever since. Plaintiff does not name any specific individuals responsible for these alleged actions. Plaintiff also does not provide any details regarding this interaction aside from the location and a copy of an information charging him with possession of a controlled substance with intent to deliver.

## ANALYSIS

Plaintiff does not provide enough information for the Court to find that he states a claim for relief. Ordinarily, the Court would grant Plaintiff an opportunity to file an amended complaint, but it appears that Plaintiff's underlying criminal case is still pending. *See People v. Bragg*, No. 2017 CF 680 (Rock Island Cnty., Ill.), available at: www.judici.com (select Rock Island County from the drop down menu and enter the case number in the appropriate search boxes) (last accessed Oct. 19, 2018).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). This includes claims for monetary damages arising from allegedly unconstitutional searches, seizures, and detentions that may be litigated in the state criminal proceedings. *Id.* Plaintiff will have an opportunity to present any constitutional claims arising from the incident in question in the state proceedings. Further, the outcome of Plaintiff's state criminal case may affect any potential claims Plaintiff has going forward. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (precluding actions for money damages where doing so would necessarily imply the invalidity of an underlying conviction).

Therefore, the Court finds that a stay pursuant to *Younger* is appropriate in this case. Once Plaintiff's state criminal proceedings have concluded, the Court will grant Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending resolution of Plaintiff's underlying criminal proceedings.**

2) **The Court will grant Plaintiff an opportunity to file an amended complaint once the stay is lifted. Plaintiff is directed to provide this Court with an update on the**

status of his criminal proceedings every 60 days. Failure to do so may result in dismissal of this case. Plaintiff's first status update is due on or before January 3, 2019.

3) **Plaintiff's Motion for Counsel [4] is DENIED with leave to renew as Plaintiff did not provide any information regarding his attempts to obtain counsel on his own.** *See Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff may renew this motion once the stay in this case is lifted.**

Entered this 1st day of November, 2018.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
